IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| LOUIS PITTS, | * | |
| Petitioner, | * | |
| | | CASE NO. 3:09-CV-90046 |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 3:06-CR-22 CAR |
| UNITED STATES OF AMERICA, | * | |
| Respondent, | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

### Procedural History

Petitioner Pitts was indicted in this court on February 22, 2006, for Possession of Counterfeit Securities/Currency in violation of 18 U.S.C.§ 472 and for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C.§ 9223(g). (Doc. 1). On November 1, 2006, Petitioner Pitts entered into a Plea Agreement (Doc. 30) with the Government and pled guilty to the Indictment charges. (Doc. 31). His sentencing date was scheduled for February 8, 2007, but Petitioner Pitts failed to appear. (Doc. 38). A Bench/Arrest Warrant issued and Pitts was arrested 7 months later in the Northern District of Georgia on September 13, 2007. He was sentenced on November 8, 2007 to current terms of 188 months on each of the two Counts contained in the Indictment. (Doc. 47). Pitts did not appeal his conviction and sentence within the 10 day period as advised by the court at sentencing, and as noticed by the Appeal Information Packet given to him on November 8, 2007.

On February 17, 2009, Petitioner Pitts signed and mailed to this Court a Motion To Vacate,

Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 52). This § 2255 Motion was time-barred by the one-year period of limitations of the AEDPA. A defendant has 10 days after final judgment is entered to file a Notice of Appeal. Fed.R.App.P.4(b)(1)(A). Foregoing proper filing of a Notice of Appeal begins the AEDPA 1 year period of limitation 10 days after judgment is entered in his case.

In *Kaufmann v. United States,* 282 F.3d 1336, 1337 (11th Cir. 2002), the Court observed, "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, *inter alia,* that a habeas petition *may not be filed* more than one year from 'the date on which the judgment becomes *final.*' 28 U.S.C. § 2255(1).*"* See Adkins *v. United States,* 204 F.3d 1086, 1089(11th Cir. 2000) (When no direct appeal is made, the judgment of conviction becomes final once "the opportunity for direct appeal of the judgment is exhausted."); *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003)(The judgment becomes final once the defendant exhausts, or foregoes, his opportunity to pursue direct appeal).

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. **"**The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction. ... Congress meant to streamline and simplify (the habeas corpus process)." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998).

"A filing deadline cannot be complied with, substantially or otherwise by filing late – even one day." *Carlisle v. United States*, 517 U.S. 416, 430, 116 S.Ct. 1460 (1996). "If 1-day late filings are

acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it." *United States v. Locke*, 471 U.S. 84, 101, 105 S.Ct. 1785, 1796, 85 L.Ed.2d 64 (1985).

The AEDPA one-year statute of limitations is not negotiable. For whatever reason, Petitioner Pitts overslept his right to file a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and he is now barred from doing so. The foregoing precedent precludes any authority by which this court could entertain Petitioner Pitts out-of-time Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be DENIED as time-barred. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 25th day of February 2009.

                                              **S/ G. MALLON FAIRCLOTH**
                                              **UNITED STATES MAGISTRATE JUDGE**