IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| LOUIS PITTS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| V. | : | NO. 3:06-CR-11 (CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings Under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Louis Pitts' Motion for Relief from Judgment Pursuant to Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE. Doc. 58. Petitioner contends that the Court erred in dismissing his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 as untimely filed. Because Petitioner seeks relief that is not available under Rule 60(b), and because the Court did not err in dismissing Petitioner's Section 2255 motion as untimely filed, it is hereby **RECOMMENDED** that Petitioner's motion be **DENIED**.

## PROCEDURAL HISTORY

On November 1, 2006, Petitioner Louis Pitts pleaded guilty to one count of possessing counterfeit United States currency and one count of possession of a firearm by a convicted felon. Doc. 30. On November 7, 2007, the Court sentenced Petitioner to a total of 188 months imprisonment followed by three years of supervised release. Doc. 47. Petitioner did not appeal his convictions or sentences.

On February 17, 2009, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Doc. 54. Following a Recommendation to dismiss Petitioner's Section 2255 motion for failing to comply with the one-year period of limitations

1

prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Court dismissed Petitioner's Section 2255 motion on October 15, 2009. Doc. 55. Petitioner did not appeal the dismissal of his Section 2255 motion. On June 11, 2013, Petitioner filed the instant Rule 60(b) motion. Doc. 58.

DISCUSSION

Petitioner contends that, pursuant to Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE, the Court should set aside its previous judgment dismissing his Section 2255 petition as untimely filed. Rule 60(b) provides that a Court may relieve a party from judgment in a limited number of circumstances including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or, (5) the judgment has been satisfied. FED. R. CIV. P. 60(b)(1)-(5). The catchall provision of Rule 60(b) authorizes relief from judgment based on "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted). The petitioner must show that the circumstances in his case are sufficiently extraordinary to warrant relief. Cano v. Baker, 435 F.3d 1337, 1342. Even if petitioner provides evidence of extraordinary circumstances, the district court must use its sound discretion in determining whether to grant relief. Id.

Petitioner's motion does not seek relief that is available under Rule 60(b), but rather is simply an attempt to appeal the judgment of the Court regarding his Section 2255 petition. Rule 60(b) is a rule of civil procedure that allows a petitioner in a habeas case to attack "some defect in the integrity of the federal habeas proceedings." Gonzales v. Crosby, 545 U.S. 524, 532 (2008). It cannot be used "to evade the second or successive petition bar contained in 28 U.S.C.

2244(b) by . . . attacking the federal court's previous rejection of a claim on the merits." Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (citing Gonzalez at 532). Petitioner contends that the district court erred in denying his Section 2255 motion because it improperly calculated the one-year period of limitations within which Petitioner was required to file his Section 2255 motion. His motion attacks the merits of the Court's decision rather than the integrity of the process, and as such it seeks relief that is not authorized under Rule 60(b).

Petitioner's motion also fails to show that the Court erred in its original decision. The district court correctly concluded that Petitioner's Section 2255 motion was untimely filed because Petitioner did not file his Section 2255 motion within one year of the date his conviction became final, as required by the AEDPA. 28 U.S.C. § 2255(f)(1).[1] When a petitioner does not appeal his conviction or sentence, the judgment becomes final when the time for seeking that review expires. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000); Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

In this case, because Petitioner did not file an appeal, his conviction became final on November 19, 2007, ten days after judgment was entered. See Fed. R. App. P. 4(b)(1)(A) (stating that a defendant has 10 days after final judgment is entered to file a notice of appeal). Petitioner then waited until February 17, 2009 to file his Section 2255 motion. As such, Petitioner filed his Section 2255 motion nearly three months out of time. Because the Court correctly determined that Petitioner's Section 2255 motion was untimely filed, Petitioner's attempt to challenge the decision in a Rule 60(b) motion is futile.

Accordingly, it is hereby **RECOMMENDED** that Petitioner's Rule 60(b) motion be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to

---

[1] The one-year period of limitations may be triggered by other events described in § 2255(f); however, none of those grounds were raised in Petitioner's Section 2255 motion.

this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 18th day of June, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
