IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| LOUIS PITTS, | : | |
| | : | |
|    Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 3:06-CR-11 (CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
|    Respondent. | : | |
| | : | |

## ORDER ON THE RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 59] to deny Petitioner Louis Pitts's Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [Doc. 58].  Petitioner, proceeding *pro se*, has filed a timely Objection to the Recommendation [Doc. 60].  After carefully considering Petitioner's Objection pursuant to 28 U.S.C. § 636(b)(1), the Court agrees with the Magistrate Judge's recommendation to deny Petitioner's Motion, although for a different reason.  Accordingly, the Magistrate Judge's Recommendation [Doc. 59] is **ADOPTED IN PART**, and Petitioner's Rule 60(b) Motion [Doc. 58] is **DENIED**.

In the Recommendation, the Magistrate Judge found that Petitioner's Rule 60(b) Motion challenges the merits of the Court's October 15, 2009 decision to dismiss Petitioner's habeas petition as untimely.  Accordingly, the Magistrate Judge

recommended that the instant Motion be denied as a second or successive habeas petition under 28 U.S.C. § 2255. Rather than merely recommending denial, however, the Magistrate Judge also considered the substance of Petitioner's argument and concluded that the Court properly dismissed Petitioner's untimely habeas petition. While the Court agrees that its prior decision was proper, the Court disagrees with the Magistrate Judge's conclusion that Petitioner's Motion is a second or successive habeas petition.

A Rule 60(b) motion should be treated as a second or successive habeas petition if it: (1) "seeks to add a new ground of relief" or (2) "attacks the federal court's previous resolution of a claim on the merits."[1] In contrast, where "a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding, the motion is not a successive habeas petition."[2] This includes challenges to a previous ruling that "precluded a merits determination" of a party's claims.[3] Thus, a motion challenging a district court's ruling that a habeas petition was time-barred, such as Petitioner's, is not a second or successive habeas petition and may be considered under Rule 60(b).[4]

However, even if Rule 60(b) is the appropriate vehicle by which Petitioner is

---

[1] *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).
[2] *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (internal quotation omitted).
[3] *Gonzalez*, 545 U.S. at 532 & 532 n.4.
[4] *Id.* at 532 n.4.

2

entitled to seek relief, his Motion is nevertheless untimely.  Under Rule 60(b)(1), (2), and (3), a party must file a motion for relief from a judgment or order based on mistake, newly discovered evidence, or fraud within one year from the date the district court entered the judgment or order.[5]  Otherwise, Rule 60(b)(6) permits a party to seek relief from judgment within a "reasonable time" for "any other reason justifying relief from the operation of the judgment.[6]  Although Petitioner does not specify what provision of Rule 60(b) he is invoking in this case, it is clear his Motion is untimely.[7]  Petitioner was aware of the basis for his Motion from the day the Court dismissed his habeas petition as untimely, yet he waited more than three and a half years to seek relief.  Petitioner offers no explanation for his inaction, and there is no evidence in the record that would otherwise excuse his delay.[8]

Based on the foregoing, the United States Magistrate Judge's Recommendation [Doc. 59] is hereby **ADOPTED IN PART**.  The legal conclusions and findings of the Recommendation are is hereby **INCORPORATED AND MADE THE ORDER OF THE COURT** <u>with the exception of</u> the analysis of Petitioner's Rule 60(b) Motion as a second

---

[5] Fed. R. Civ. P. 60(c)(1).
[6] *See id.*
[7] *See, e.g., Tate v. Bear*, 132 F. App'x 806, 807 (11th Cir. 2005) (two-year delay was unreasonable); *Mitchell v. Miller*, No. 4:99-cv-80 (HL), 2007 WL 1183896, at *2 n.4 (M.D. Ga. Apr. 19, 2007) (three-year delay was unreasonable).
[8] To the extent Petitioner alleges the Magistrate Judge failed to consider a handwritten objection and amendment to his initial habeas petition, the Court finds his argument to be wholly without merit.  There is no evidence of any such objection or amendment in the record.  *See, e.g., United States v. Cook*, No. 5:04cr23/MCR/CJK, 2012 WL 1344329, at *2 (N.D. Fla. Mar. 5, 2012).

3

or successive habeas petition. Accordingly, Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [Doc. 58] is hereby **DENIED** as untimely.

    **SO ORDERED,** this 17th day of July, 2013.

                                    S/ C. Ashley Royal
                                    C. ASHLEY ROYAL, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT

BBP